UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXSANDRO J. COLON,

    Applicant,

v.                                               CASE NO. 8:23-cv-641-SDM-SPF

SECRETARY, Department of Corrections,

    Respondent.
_____/

**ORDER**

Colon applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for two counts of sexual battery and one count of lewd and lascivious battery, for which convictions Colon is imprisoned for thirty years. The respondent correctly argues (Doc. 7) that the application is untimely. Colon has not opposed the respondent's request to dismiss the application as untimely.

Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, under 28 U.S.C. § 2244(d)(2),

"[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In the limited response (Doc. 7) the respondent requests dismissal of the application as time-barred. Recognizing that his application is untimely, Colon filed a "Motion to Consider" (Doc. 2) with the application, in which he asserts possible basis for equitable tolling, but he files neither a reply in support of his application nor an opposition to the request to dismiss the application as time-barred.[1] Because he has not replied or otherwise opposed the respondent's request, Colon fails to contest the respondent's calculation of the limitation.

Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, under Section 2244(d)(2) "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

---

[1] The certificate of service attests that the response was mailed to Colon's place of imprisonment when he applied under Section 2254, Colon never filed a notice of change of address, no order mailed to Colon was returned as undeliverable, and a review of the website for the Florida Department of Corrections shows that Colon remains imprisoned at the same location.

The respondent's exhibits support the respondent's calculation that the application is untimely. Colon's conviction became final on March 6, 2020.[2] The federal limitation barred his claim one year later absent tolling for a timely post-conviction application in state court. Colon let 360 days elapse before he moved under state Rule 3.850 for post-conviction relief on March 2, 2021. (Respondent's Exhibit 6) Colon had 5 days remaining (365 − 360 = 5). Tolling continued until the mandate issued on February 28, 2022. (Respondent's Exhibit 14) Consequently, Colon's federal deadline was February 13, 2022 (February 8 + 5 days = February 13). Colon filed his federal application on March 21, 2023 — more than a year late.

In the "Motion to Consider" Colon asserts four reasons for his untimeliness (Doc. 2 at 1–2): (1) insufficient time to research and prepare his application because his institution "has gone through several law library supervisors in the past two . . . years;" (2) insufficient help from law clerks and staff because the library "was closed for weeks because of the COVID-19 quarantine;" (3) inability to access the library or library materials because "there was an outbreak of Chicken Pox in [his] dormitory;" and (4) incorrect advice from a law clerk "as to what his actual time frame was to file his habeas petition." The respondent correctly argues that Colon fails to specify when these alleged hinderances occurred in relation to the limitation. Moreover, an

---

[2] Colon's direct appeal concluded on December 6, 2019. The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347 (11th Cir. 2002).

"extraordinary circumstance" justifying equitable tolling is shown by neither ignorance of one's legal rights, *Jackson v. Asture*, 506 F.3rd 1349, 1356 (11th Cir. 2007), nor an allegedly deficient prison law library, *Helton v. Sec'y, Dep't of Corr.*, 259 F.3d 1310, 1313–14 (11th Cir. 2001), nor limited or restricted access to a prison law library, *Miller v. Florida*, 307 F. App'x 366, 367–68 (11th Cir. 2009)  ("[E]ven restricted access to a law library, lock-downs, and solitary confinement do not qualify as [extra]ordinary circumstances warranting equitable tolling."), nor a lack of education.  *Jones v. Warden*, 683 F. App'x 799, 800 (11th Cir. 2017) ("A lack of a legal education or related confusion does not constitute an extraordinary circumstance for a failure to file a federal petition in a timely fashion."). Consequently, Colon fails to show entitlement to equitable tolling of the limitation.

Colon's application (Doc. 1) is **DISMISSED AS TIME-BARRED**.  The clerk must enter a judgment against Colon and close this case.

### DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Colon is not entitled to a certificate of appealability ("COA").  A prisoner seeking a writ of habeas corpus has no entitlement to appeal a district court's denial of his application.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Colon

must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he does not dispute the application's untimeliness, Colon is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Colon must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on August 28, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE